AIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS EDD, Administrator of the Estate of TRAVIENNA EDD, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>MCCURTAIN COUNTY JAIL TRUST, KERRA BAILEY, LPN, MADISON CHRISTOPHER, and TARA HALLFORD,<br><br>Defendants. | Case No. 22-CV-327-RAW-GLJ |

## ORDER

This matter comes before the Court on Motions by Defendants Kerra Bailey and Madison Christopher ("Defendants") for leave to depose certain incarcerated individuals. *See* Docket Nos. 60 and 62. On January 10, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 27]. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendants' Opposed Motion to Depose Inmate Witnesses Donmitrus Clerkley and Roland Taylor [Docket No. 60] is DENIED and Defendants' Opposed Motion to Depose Inmate Witness Gary Dixon ("Motions to Depose") [Docket No. 62] is GRANTED.

## BACKGROUND

Plaintiff filed this lawsuit on behalf of the Estate of Travienna Edd, deceased, alleging violations of the decedent's constitutional rights while she was incarcerated at the McCurtain County Jail in 2020. *See* Docket No. 2. Plaintiff alleges a claim under 42 U.S.C. § 1983 against the Defendants in their individual capacities for, *inter alia*, failing to provide Decedent with timely or adequate mental health and medical treatment and medications. *Id*. at ¶¶ 67-73. Defendants filed the Motions to Depose, seeking to take the depositions of inmate witnesses Donmitrus Clerkley, Roland Taylor and Gary Dixon. In both Motions, Defendants state that Plaintiff opposes the proposed depositions because they are disproportional under Fed. R. Civ. P. 26. The other defendants do not oppose the proposed depositions. Plaintiff failed to respond timely to Motion to depose Clerkley and Taylor[1] and, upon reconsideration, do not oppose Defendants' Motion to depose Dixon. *See* Docket No. 71.

## ANALYSIS

Rule 30 of the Federal Rules of Civil Procedure requires that a party seeking to take a deposition obtain leave of court if the requested deponent is confined in prison. *See* Fed. R. Civ. P. 30(a)(2)(B). The Federal Rules require that "the court *must* grant leave to the extent consistent with Rule 26(b)(1) and (2). . . ." Therefore, the court must determine whether (1) the requested discovery is relevant and proportional to the needs of the case,

---

[1] Plaintiff filed his Response in Opposition to Defendants' Opposed Motion to Depose Inmate Witnesses Donmitrus Clerkley and Roland Taylor on October 13, 2023 [Dkt. No. 64], one week after it was due. *See* LCvR 7.1(d).

2

*see* Fed. R. Civ. P. 26(b)(1), and (2) the frequency and extent of the requested discovery is reasonable, or whether it is unreasonably cumulative or duplicative, could be obtained from some other source that is more convenient, less burdensome, or less expensive, or the requested discovery is outside the scope of Rule 26(b)(1).  *See* Fed. R. Civ. P. 26(b)(2).  "The language of Rule 30(a)(2) requires the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information."  *McGinnis v. Huq*, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017).

Defendants assert that Clerkley and Taylor are the Decedent's sons and "may have relevant and specific knowledge as to the Estate's allegations, their communications and interactions with Decedent prior to and during her incarceration, and alleged damages. . . ."  *See* Docket No. 60, ¶ 7.  Because Plaintiff failed to timely file his response to the Motions to Depose or seek leave to file such response out of time, the undersigned Magistrate Judge declines to consider the late filing.  Although it is within the Court's discretion to excuse a late filing, s*ee Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005), it is also within the Court's discretion to deem confessed any non-dispositive motion to which a timely response is not filed.  *See* LCvR 7.1(d).  Nonetheless, Defendants do not provide anything more than speculation that Clerkley and Taylor *might* have some relevant information.  Such speculation is too attenuated a basis for the burdensome effort of deposing these two incarcerated individuals.  Therefore, the undersigned Magistrate Judge concludes that Defendants have not shown that the depositions of Clerkley and Taylor are likely to lead to the discovery of information relevant to any claims or defenses and that they are proportional to the needs of the case.

3

To the extent that either Clerkley or Taylor are no longer incarcerated, as is represented by Defendants in their Reply with respect to Taylor, *see* Docket No. 72, then Defendants may follow the regular procedures for securing the deposition of such a non-incarcerated individual.

The undersigned Magistrate Judge concludes that the proposed deposition of Dixon, however, is likely to produce information that is relevant to this case, is proportional to the needs of the case, and is reasonable in scope. Defendants allege that Dixon is Decedent's former boyfriend and that he had calls with Decedent in which relevant information was discussed and that he has other specific relevant information regarding Decedent's health and state of mind. *See* Docket No. 62, ¶ 2. Plaintiff no longer opposes Defendants' request to depose Dixon. *See* Docket No. 71. As such, Dixon's testimony is likely to be "nonprivileged and potentially relevant to both Plaintiff's claims and Defendants' defenses." *Garrett v. Deaz*, 2016 WL 11678499, at *2 (D. Ariz. July 7, 2016); *see also El-Massri v. New Haven Corr. Ctr.*, 2019 WL 2006001, at *6 (D. Conn. May 7, 2019) ("Plaintiff initiated this action. Defendants are entitled to inquire into the specifics of, and the bases for, the factual allegations Plaintiff asserts in support of his claims."). Moreover, "depositions are a regular and common device to develop factual support for a party's claims or defenses." *Davall v. Cordero*, 2021 WL 4705157, at *2 (S.D. Cal. Oct. 8, 2021) (quotation omitted). "[I]f the deposition is fairly limited to matters relating to the claims and defenses raised in the case, the deposition is within the scope of permitted discovery." *Anthony v. Cnty. of Santa Clara*, 2021 WL 4866358, at *1 (N.D. Cal. Sept. 24, 2021).

Accordingly, Defendants are granted leave to depose inmate witness Gary Dixon but may do so only by remote means to minimize the burden and expense of doing so. Dixon's deposition shall occur on or before the discovery deadline of March 1, 2024. Defendants are hereby advised that it is their duty to coordinate with Dixon's facility to obtain a mutually agreeable time and date for his deposition, as well as to ensure that the appropriate technology is in place to conduct Dixon's deposition. *See Griffin v. Johnson*, 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016) ("Although the Court is granting leave to Defendants to depose Plaintiff, the Court defers to the prison officials and custody staff at [the facility] regarding their policies and procedures of the manner in which that deposition may be taken.").

## CONCLUSION

Based on the above findings, the Defendants' Opposed Motion to Depose Inmate Witnesses Donmitrus Clerkley and Roland Taylor [Docket No. 60] is DENIED and Defendants' Opposed Motion to Depose Inmate Witness Gary Dixon ("Motions to Depose") [Docket No. 62] is GRANTED. Defendants MAY DEPOSE Gary Dixon on or before March 1, 2024, via remote means. The deposition shall be conducted from the Oklahoma State Penitentiary in McAlester, Oklahoma, or, if Dixon is moved to a different facility after this Order and prior to the deposition, from Dixon's new facility. Defendants SHALL COORDINATE with Dixon's facility to schedule a time and date for Dixon's deposition and shall also coordinate with Dixon's facility to ensure the appropriate technology is in place to conduct the remote deposition. The Unopposed Motion to

Expedite Ruling on Motion to Depose Inmate Witnesses [Docket No. 61] is DENIED AS MOOT.

**DATED** this 30th day of October, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**